Below is an Order of the Court.

_____
FRANK R. ALLEY
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Bankr. Case No. 10-67547-fra11 |
| SEQUOIA PARTNERS, LLC, an Oregon limited liability company, | STIPULATED PROTECTIVE ORDER AMONG CHARBONNEAU CONSTRUCTION, LTD., CARLING OF AMERICA, LTD., DANIEL CHARBONNEAU AND SOUTH VALLEY BANK & TRUST |
| Debtor. | |

IT IS HEREBY STIPULATED AND AGREED, through counsel, by and among: (a) Charbonneau Construction, Ltd. (Charbonneau Construction), (b) Carling of America, Ltd. (Carling), (c) Daniel Charbonneau, and (d) South Valley Bank & Trust (SVB) that the following Protective Order shall govern the handling of any tax returns of Carling, Charbonneau

Page 1 of 6 – STIPULATED PROTECTIVE ORDER

Construction or Daniel Charbonneau provided to SVB, in connection with the bankruptcy case (Bankruptcy Case) (hereinafter sometimes referred to as Tax Returns).

**1. Use of Discovery Material**

All Tax Returns by SVB solely for the purposes of the Bankruptcy Case and for no other purpose. Notwithstanding the previous sentence, nothing in this order shall preclude or limit SVB's right to obtain and use any Tax Returns independently in connection with any other pending action, including, but not limited to *Sequoia Partners, LLC and Sequoia Villate, LLC v. FDIC and SVB,* CV'11 3057 CL (U.S.D.C. Or.) and *Carling of America, Ltd. and Charbonneau Constr. Ltd. v. Sequoia Village, LLC, et al.,* Josephine County Cir. Ct. Case No. 11CV0012.

**2. Documents and Scope Defined**

This Protective Order shall apply to all Tax Returns provided by Carling, Charbonneau Construction or Daniel Charbonneau to SVB during the course of the Bankruptcy Case, whether written, oral, visual, electronic, or contained in documents or transcripts, or in any other form.

**3. Disclosure of Confidential Information**

<u>A Tax Return is deemed confidential with or without designation as being confidential.</u> Except with the prior written consent of Carling, Charbonneau Construction and Daniel Charbonneau or as otherwise directed by the Court, no Tax Return, and no information contained therein, may be disclosed to any person other than:

a. SVB and its officers and employees assisting legal counsel who are actively representing SVB in the Bankruptcy Case;

b. Secretaries, paralegal assistants, clerical personnel, and copying or document handling firms, employed by counsel who are actively engaged in assisting legal counsel who are

actively representing SVB in the Bankruptcy Case, including, but not limited to, the mediation with Judge Hogan; and

      c.      Consultants and experts retained for the purpose of assisting legal counsel who are actively representing SVB in the Bankruptcy Case.

Prior to and as a condition of disclosure of Tax Returns to any person described in the foregoing subparagraphs, such person shall sign and execute a written acknowledgment in the form attached as Exhibit "A" (the Acknowledgment) that the person has read this Protective Order and agrees to be bound by its terms.

**5.  Use of Tax Returns in Court Papers**

Tax Returns may be referred to in motions, hearings, and briefs, and marked as exhibits in the Bankruptcy Case; provided, however, that no Tax Return shall be used for any of these purposes unless it, or the portion of the paper which discloses, describes or quotes the contents of any such document, is appropriately marked and separately filed under seal with the Clerk of the Court, and provided further that if any such documents are to be used at trial or at any court hearing, such documents shall be furnished to the Court after reasonable prior notice (of not less than one business day) to counsel for Carling, Charbonneau Construction and Daniel Charbonneau for a ruling as to whether the document should continue to be treated as Confidential and, if so, what protection, if any, shall be accorded to such information at the trial or hearing.

**6.  Notification and Challenge**

SVB shall have the right to challenge any designation of confidentiality under this Protective Order; and, in the event of such a challenge, the parties to this Protective Order shall have the obligation to use their best efforts in good faith to negotiate a resolution of any such

challenge without involving the Court.  SVB shall notify Carling, Charbonneau Construction and Daniel Charbonneau in writing, specifying the particular documents involved in the challenge, and stating what confidentiality protection, if any, SVB believes should be afforded to the documents involved in the challenge. In the event that the parties are unable to resolve their disagreements as to confidentiality within a reasonable amount of time following receipt by Carling, Charbonneau Construction and Daniel Charbonneau of written notice from SVB, then SVB may file an appropriate motion to alter or change the designation of the Tax Return. For purposes of this paragraph, a reasonable amount of time shall be 10 days if a challenge relates to a limited class of documents, 30 days if a challenge relates to a larger number of documents, or such other time as may be agreed by the parties or ordered by the Court. The restrictions of this Order shall apply to challenged documents or information unless and until the Court orders otherwise.

**8. Inadvertent Production**

If Carling, Charbonneau Construction or Daniel Charbonneau inadvertently produces or discloses any Tax Return without marking it with the appropriate legend, any of them may give notice to SVB or any receiving person, no later than 30 days following the actual discovery of the disclosure, that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

**9. Procedure on Termination of the Proceedings**

Within 60 days after the earlier to occur of confirmation of a plan or a final determination of the closing of the Bankruptcy Case, including all appeals, and unless otherwise agreed to in writing by counsel, each party shall either certify in writing that the remaining copies of Tax Returns have been destroyed or return them to the party who provided the documents. Notwithstanding the foregoing, the attorney of record for each party may retain all briefs, memoranda, motions, and other documents containing their work product that refer to or incorporate the Tax Returns, may retain copies of deposition and examination transcripts, and may retain copies of all pleadings filed in the Bankruptcy Case, and will continue to be bound by the terms of the Protective Order with respect to all such retained information.

**10. Application to Court**

This Protective Order is without prejudice to the right of any interested party to apply, upon reasonable notice to Carling, Charbonneau Construction and Daniel Charbonneau, for an order permitting the disclosure of any Tax Returns or to apply for an order modifying or limiting this Protective Order in any respect.

**11. Modification of Protective Order**

This Protective Order may be modified by written stipulation of the parties if approved by the Court.  Absent stipulation and any party may seek modification by proper motion or application to the Court.

/ / /

/ / /

/ / /

**12. Continuing Jurisdiction**

All provisions of this Protective Order shall continue to be binding after the conclusion of the closing of the Bankruptcy Case in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

# # #

**STIPULATED AND AGREED TO:**

LANE POWELL, P.C.                                    COERS MITCHELL LAW LLC

By:   */s/ Carter Mann*                              By:   */s/ Johnston Mitchell*
       Carter Mann, OSB No. 960899                          Johnston Mitchell, OSB No. 924060
       Attorneys for South Valley Bank &                    Attorneys for Charbonneau
       Trust                                                Construction, Ltd. and Carling of
                                                            America, Ltd.

                                                     THE SCOTT LAW GROUP

                                                     By:   */s/ Loren Scott*
                                                            Loren Scott, OSB No. 024502
                                                            Attorneys for Daniel Charbonneau

cc:    **By ECF Notification**
       Mary Jo Heston
       Loren S. Scott
       Tara J. Schleicher
       Kathryn P. Salyer
       Margot D. Lutzenhiser
       Christopher L. Cauble
       David B. Paradis
       Thaddeaus G. Pauck
       Willard L. Ransom
       John Blackhurst
       Douglas R Schultz
       Mette H. Kurth
       Johnston Mitchell
       U.S. Trustee

## EXHIBIT A

## ACKNOWLEDGMENT

I have read the Protective Order (the "Order") entered by the Court on _____, 2011, in *In re Sequoia Partners, LLC*, United States Bankruptcy Court for the District of Oregon, Case No. 10-67547-fra11, and a copy of such Order is attached to my copy of this statement. I understand the responsibilities and obligations the Order imposes on persons relating to the material encompassed by the Order. Pursuant to Paragraph 3 and 4 of the Order, so as to enable me to view the material encompassed by the Order, I hereby agree to comply with the Order, and consent to and waive any objection to the jurisdiction of the United States Bankruptcy Court for the District of Oregon in connection with any action or proceeding initiated to enforce the Order.

_____

_____

_____
(Printed Name and Address)

Sworn to before me this \_\_\_\_\_ day of \_\_\_\_\_, _____.

_____
Notary Public of Oregon
My Commission Expires: _____